UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Joseph Derrow, #03199-286, | ) C/A No.: 2:14-211-TLW-BHH |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Kenny Atkins, | ) |
| Respondent. | ) |

Petitioner files this matter pursuant to 28 U.S.C. §2241. The Petitioner is currently incarcerated at FCI-Edgefield which is located in the State of South Carolina. According to an exhibit attached to the Petition, a superseding indictment was filed in the United States District Court for the Eastern District of Texas on April 9, 1998, charging Petitioner with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1) and with possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 3). A jury found Petitioner guilty on January 12, 1999. Petitioner was sentenced to 480 months imprisonment on both counts, with the sentences running concurrently. The judgment was filed on April 27, 1999.

On April 13, 2000, the Fifth Circuit affirmed Petitioner's conviction. United States v. Derrow, 213 F.3d 637 (5th Cir. 2000)(Table No. 99-40568). On October 2, 2000, the United States Supreme Court denied a petition for writ of certiorari. Derrow v. United States, 531 U.S. 889 (2000). Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on September 17, 2001, raising thirteen (13) grounds. Petitioner now files this matter pursuant to 28 U.S.C. §2241.

In the § 2241 Petition, Petitioner seeks a reduction in his sentence pursuant to the holding in U.S. v. Doggett, 230 F.3d 160 (5th Cir. October 6, 2000), claiming the quantity of drugs for which he was charged was a question of fact that should have been submitted to the jury and proven beyond a reasonable doubt. The Doggett decision relies on the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (June 26, 2000). Thus, Petitioner argues his conviction and sentence were not based on facts presented to a jury in violation of the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) (hereinafter "Apprendi").

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the pro se petition to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a pro se filing).[1] Pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(I) as "frivolous").

litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Additionally, the mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

As noted above, the Petitioner relies on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2362-2363 (2000):

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that

> case: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

Apprendi v. New Jersey, supra.

The Petitioner's attention is directed to the decisions of the United States Court of Appeals for the Fourth Circuit in United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); and San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), both of which raised claims under Apprendi. In Sanders, the Court of Appeals held that the rule in Apprendi is not applicable, retroactively, to cases on collateral review. In San-Miguel, the Court of Appeals upheld this court's summary dismissal of a § 2241 action raising Apprendi claims. Collateral review in federal court includes habeas corpus actions under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 28 U.S.C. § 2254. Since the claim raised by the Petitioner is an Apprendi-type claim, the Petitioner's claim is not cognizable under 28 U.S.C. § 2241 under the holdings in San Miguel and Sanders.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The Petitioner's attention is directed to the notice attached hereto.

s/Bruce H. Hendricks  
United States Magistrate Judge

March 12, 2014  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).